# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JEFFERY KENDELL CHAFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 2:16-cv-00036 |
| ) | CHIEF JUDGE CRENSHAW |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security**[1] ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Jeffery Kendell Chaffin filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 16), to which Defendant has responded (Doc. No. 20).

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion (Doc. No. 16) is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

## I. INTRODUCTION

Chaffin first filed applications for DIB and SSI on May 18, 2009, with an alleged disability onset date of February 1, 2007, in which he claimed that he was unable to work due to

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

depression, anxiety disorder, high blood pressure, diabetes, "learning difficulties," and hypothyroidism. (Doc. No. 10, Transcript of the Administrative Record at 19, 38-39.)[2] Both applications were denied initially and upon reconsideration. AR 107. Following an administrative hearing, an administrative law judge ("ALJ") denied the claim. AR 19. The Appeals Council denied review of the ALJ's unfavorable decision on April 26, 2012, at which point Plaintiff filed suit in the United States District Court for the Middle District of Tennessee. AR 19. The court affirmed the decision of the Commissioner on March 26, 2014. AR 19, 38-56.

Plaintiff again filed applications for DIB and SSI on June 6, 2012. AR 136-37. Similar to his first applications, Plaintiff alleged a disability onset date of February 1, 2007 and again claimed that he was unable to work due to depression, anxiety, high blood pressure, and diabetes. AR 182.[3]

Plaintiff's applications were denied initially and upon reconsideration. AR 176-77. Pursuant to his request for an additional hearing before an ALJ, he appeared with counsel and testified at a hearing before ALJ Joan A. Lawrence on July 24, 2014. AR 57. On November 12, 2014, the ALJ denied the claim. AR 16-18. On April 5, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page.

[3] The Commissioner noted that Plaintiff had alleged a learning disability and a thyroid condition in his first applications, and additionally stated that medical records indicated that he suffered from sinusitis. AR 182.

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on November 12, 2014, in which she made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since February 1, 2007, the alleged onset date. (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: hypothyroidism, hypertension, anxiety disorder, and depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he could occasionally climb ladders, ropes and scaffolds and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to extreme cold temperatures. He is capable of carrying out simple and detailed one, two, and three step instructions.

\*\*\*

6. The claimant is capable of performing past relevant work as a chicken hanger and box assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 22-31.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. ANALYSIS AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). See Richardson v. Perales, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003); Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); LeMaster v. Weinberger, 533 F.2d 337,

339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in Richardson).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. See, e.g., Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). See, e.g., Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. See 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

5

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). See also Edwards v. Comm'r of Soc. Sec., 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. See Combs, supra; Blankenship v. Bowen, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. Combs, supra. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and

nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d)(2)(B), (5)(B); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. Cruse, 502 F.3d at 539; Jones, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. Combs, supra.

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (quoting Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997)). See also Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a prima facie case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. Longworth, 402 F.3d at 595. See also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 528 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 652 (6th Cir. 2009). See also Tyra v. Sec'y of Health & Human Servs., 896 F.2d 1024, 1028-29 (6th Cir. 1990); Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 88-89 (6th Cir. 1985); Mowery v. Heckler, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). See also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Five-Step Evaluation of Plaintiff**

Here, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a chicken hanger and box assembler, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of February 1, 2007. AR 22-31.

**D. Plaintiff's Assertions of Error**

Plaintiff argues that the ALJ erred by finding that Plaintiff did not meet Listing 12.05C. (Doc. No. 17 at 18.) Plaintiff therefore requests that this case be reversed and benefits awarded pursuant to sentence four of 42 U.S.C. § 405(g), or, alternatively, remanded for further consideration. (Id. at 20.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

"In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is

overwhelming, or proof of disability is strong and evidence to the contrary is lacking." Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994). See also Newkirk v. Shalala, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertion of error below.

### 1. Listing 12.05C[4]

Plaintiff's lone assertion of error involves the ALJ's conclusion that his condition did not meet the requirements of Listing 12.05C. This listing involves intellectual disability and requires a claimant to meet three criteria: (1) significantly subaverage intellectual functioning with deficits in adaptive functioning that initially manifested prior to age 22; (2) a valid verbal, performance, or full scale IQ score of 60 through 70; and (3) a physical or other mental impairment that significantly limits the claimant's ability to work. West v. Comm'r of Soc. Sec., 240 F. App'x 692, 697 (6th Cir. 2007) (internal citation omitted).[5] The claimant bears the burden of demonstrating that he meets a particular listing, Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001), and a claimant does not satisfy the listing unless all of the requirements of that listing are

---

[4] In January 2017, the Social Security Administration removed Listing 12.05C from Subpart P, Appendix 1. Because the complaint was filed in June 2016, however, Listing 12.05C applies to the undersigned's analysis. See Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."); Cameron v. Colvin, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016) ("It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively.") (internal citation omitted).

[5] As noted by Defendant, the phrase "intellectual disability" has replaced the previous term, "mental retardation," in Listing 12.05. The court may refer to "mental retardation" in some instances out of necessity due to the term's use in the record, although the terms are interchangeable for purposes of this memorandum.

present. Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1987) (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984)).

With respect to the first requirement, the American Psychiatric Association has defined adaptive-skills limitations as "[c]oncurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." Hayes v. Comm'r of Soc. Sec., 357 F. App'x 672, 677 (6th Cir. 2009) (internal citation omitted). A person demonstrates deficits in adaptive functioning "when at least one domain of adaptive functioning . . . is sufficiently impaired that ongoing support is needed in order for the person to perform adequately in one or more life settings at school, at work, at home, or in the community[.]" Davis v. Colvin, No. 2:10-cv-0088, 2015 WL 3504984, at *4 (M.D. Tenn. May 28, 2015) (citing Diagnostic and Statistical Manual of Mental Disorders 38 (5th ed. 2013)).

As discussed above, Plaintiff previously filed suit in this District to obtain review of the ALJ's prior denial of Plaintiff's applications for DIB and SSI. Notably, Plaintiff presented the same argument to the court regarding the ALJ's finding that Plaintiff did not meet Listing 12.05C, based primarily on the same evidence provided in the instant case, which was rejected in a well-reasoned opinion by Senior Judge John T. Nixon (adopting in its entirety the report and recommendation of Magistrate Judge Knowles). AR 38-56. While verbal comprehension and full scale IQ scores derived from a Wechsler Adult Intelligence Scale test ("Wechsler") administered by Jeffery Killian were "within the mild mental retardation range,"[6] the opinion explained in

---

[6] Plaintiff received a score of 70 for verbal comprehension and full scale IQ, which Mr. Killian later described as "at the low end of the borderline range or at the high end of the mild mental retardation range depending on adaptive functioning." AR 778, 807. Plaintiff received additional scores of 73 in perceptual reasoning, 83 in working memory, and 76 in processing speed. AR 807.

detail how substantial evidence supported the Commissioner's determination that Plaintiff did not meet the criteria of Listing 12.05C, including the ALJ's conclusion that Plaintiff had "failed to demonstrate that he suffered from the deficits in adaptive functioning required by the introductory paragraph of § 12.05, and therefore was not disabled under that section." AR 47. The opinion specifically dealt with the inadequacy of Plaintiff's reliance on Mr. Killian's assessment:

> Section 12.05 makes clear that Plaintiff must show both subaverage intellectual functioning and deficits in adaptive functioning. While Mr. Killian's report clearly addresses Plaintiff's intellectual functioning, his report provides little regarding adaptive functioning. Contrary to Plaintiff's contention, Mr. Killian's statement that Plaintiff's scores "seem consistent with" his adaptive functioning does not constitute an analysis of Plaintiff's adaptive functioning, as such a conclusory statement establishes neither that Plaintiff actually possesses *deficits* in adaptive functioning nor the severity of any such deficits.

AR 48 (emphasis in original).

In an attempt to rectify this deficiency, Plaintiff returned to Mr. Killian on July 9, 2014 for an additional examination, during which Mr. Killian interviewed Plaintiff's girlfriend, Charlene Quarles, to provide a "formal assessment" of Plaintiff's adaptive functioning. AR 778. Based on answers provided by Ms. Quarles, Mr. Killian conducted a "Vineland Adaptive Behavior Scales" and found that the results of such testing confirmed his initial impression that Plaintiff's Wechsler scores "seem consistent with [Plaintiff's] adaptive functioning." AR 778-79.[7]

Despite procuring this additional evaluation from Mr. Killian, the court notes that Plaintiff fails to identify any actual errors in the ALJ's analysis. Plaintiff restates Mr. Killian's conclusion that he suffers from an intellectual disability, based on a full scale IQ score of 70, to

---

[7] The ALJ found that this evaluation represented "new and material evidence" that warranted "departure" from the previous ALJ decision and additional consideration of Plaintiff's condition. AR 19-20.

argue that he meets the requirements of Listing 12.05C. (Doc. No. 17 at 19.) However, the ALJ did not reject Mr. Killian's diagnosis, but instead emphasized that Mr. Killian's testing and diagnosis failed to demonstrate that Plaintiff experienced deficits in adaptive functioning *prior to age 22*, as required by Listing 12.05C. AR 23.[8] Even assuming that Mr. Killian's July 2014 interview of Plaintiff's girlfriend yielded a valid assessment of Plaintiff's adaptive functioning, the accompanying report does not establish that Plaintiff experienced deficits in adaptive functioning prior to age 22. Conspicuously, Plaintiff does not assert that Mr. Killian's additional examination proves the existence of such deficits during this developmental period, and his reiteration of findings from this evaluation does not establish any error committed by the ALJ. See Peterson v. Comm'r of Soc. Sec., 552 F. App'x 533, 540 (6th Cir. 2014) ("Merely marshalling evidence to suggest that [the claimant] is disabled, however, is insufficient; to prevail on appeal, [the claimant] must demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence.").

Instead, Plaintiff attempts to demonstrate that he suffered from adaptive functioning deficits prior to age 22 by identifying a letter from his sister indicating that she and her mother assisted Plaintiff with homework assignments, as well as a letter from a high school math teacher explaining that Plaintiff was unable to "master" algebra concepts. AR 323-24, 330. However, Plaintiff's struggles with high school algebra and his sister's statement that he received help with homework assignments from his family do not establish the existence of adaptive functioning deficits during the developmental period. See Hayes, 357 F. App'x at 677 ("[T]his Court has never held that poor academic performance, in and of itself, is sufficient to warrant a finding of

---

[8] The ALJ did note that a separate consultative examination had resulted in a finding that Plaintiff "appeared to have average intellectual functioning." AR 23.

onset of subaverage intellectual functioning before age twenty-two."). Indeed, Plaintiff identifies no evidence from an examiner or medical provider suggesting that he experienced such deficits prior to age 22, which is significant in light of the Sixth Circuit's indication that such evidence weighs against a finding that deficits existed during the developmental period. See Eddy v. Comm'r of Soc. Sec., 506 F. App'x 508, 510 (6th Cir. 2012) (holding that claimant failed to establish deficits in adaptive functioning prior to age 22 "because the psychological evaluations and other medical evidence in the record did not address the relevant period").

In light of the lack of evidence that Plaintiff suffered from deficits in adaptive functioning prior to age 22, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff does not meet all of the criteria required under Listing 12.05C. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (the alleged impairment must meet all of the listing's specified criteria because an impairment that "manifests only some of those criteria, no matter how severely, does not qualify"). As discussed by the ALJ, Plaintiff obtained a high school diploma, which tends to support a conclusion that Plaintiff did not experience such deficits prior to age 22 regardless of whether he was enrolled in special education classes. Cf. Sheeks v. Comm'r of Soc. Sec. Admin., 544 F. App'x 639, 642 (6th Cir. 2013) (holding that claimant's involvement in special education classes and failure to finish high school did not establish deficits in adaptive functioning before age 22).[9] Plaintiff's claim that he "cheated his way" through all of his high school classes by "looking at other people's papers" (Doc. No. 17 at 18) strains credulity and fails to establish meaningful evidence of adaptive functioning deficits experienced prior to age 22. See Sheeks, 544 F. App'x at 642 (holding that fulfillment of the criteria of a particular listing "requires more

---

[9] It is unclear from the record whether Plaintiff was actually enrolled in special education. He testified that he took part in "special classes" (AR 62) and Mr. Killian noted that Plaintiff "had some special education" (AR 778), yet Plaintiff initially reported that he did not attend special education classes. AR 255.

than what [the claimant] has put forth here, a mere toehold in the record on an essential element of the listing"). The Court therefore rejects Plaintiff's assertion of error and affirms the Commissioner's decision.

## V. CONCLUSION

For the above stated reasons, Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 16) is **DENIED**.

An appropriate Order will accompany this memorandum.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE